36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur R. PEREZ, Petitioner-Appellant,
v.
R.G. BORG, Warden, Respondent-Appellee.
 No. 93-55848.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided Sept. 8, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Arthur Perez was convicted of first degree murder in California state court and now appeals the district court's denial of his petition for a writ of habeas corpus. Perez argues that the evidence was constitutionally insufficient to support his conviction, and that he was denied due process because the trial court failed to instruct, sua sponte, on the level of provocation sufficient to reduce first degree murder to second degree murder.
 
 BACKGROUND
 
 4
 Perez was convicted of murdering Victoria Mesa at her home in Garden Grove, California. The facts of his case are exhaustively presented in the opinion of the California Supreme Court. People v. Perez, 2 Cal.4th 1117, 9 Cal.Rptr.2d 577 (1992). There was extremely strong physical evidence that Perez was responsible for the homicide. At trial he contended that the murder was committed in a rage rather than with the level of premeditation necessary to support a first degree murder conviction.
 
 
 5
 The jury found Perez guilty of murder in the first degree and he was sentenced to a prison term of 25 years to life. He appealed, and the California Court of Appeal reduced his conviction to second-degree murder on the grounds that the evidence was insufficient to support the more serious charge. The court did not reach his second argument, that the trial court erred in failing to instruct the jury on the level of provocation necessary to reduce first degree murder to second degree. The People appealed, and the California Supreme Court reversed, reinstating the first degree murder conviction. Perez, 9 Cal.Rptr.2d at 582-84. The Supreme Court also held that the trial court had not erred in failing to instruct on provocation.
 
 
 6
 Perez sought habeas corpus relief in federal district court, arguing that the evidence against him was constitutionally insufficient, and that the instructional error was a violation of his federal due process rights. The district court denied the petition.
 
 DISCUSSION
 
 7
 We review the district court's denial of Perez's habeas petition de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 I. Sufficiency of the Evidence
 
 8
 The evidence was sufficient to support Perez's conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The essential elements of first degree murder under California law are "willful, deliberate, and premeditated killing" and "express malice aforethought." Perez, 9 Cal.Rptr.2d at 580 (quoting CALJIC No. 8.20). The murder must be "a result of careful thought and weighing of considerations for and against." Id. The intent to kill must have been "formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation." Id. This intent cannot be "a mere unconsidered and rash impulse;" rather, "the slayer must weight and consider the question of killing and the reasons for and against such choice and, having in mind the consequences, he decides to and does kill." Id. There are three types of evidence which tend to establish premeditation and deliberation: planning activity, motive, and the manner of killing. People v. Anderson, 70 Cal.2d 15, 73 Cal.Rptr. 550, 557 (1968).
 
 
 9
 The facts advanced by the People, and relied upon by the California Supreme Court in finding sufficient evidence of first-degree murder, are as follows:
 
 
 10
 1. Perez did not park his car in Mesa's driveway.
 
 
 11
 2. He surreptitiously entered the house.
 
 
 12
 3. He either obtained a knife from the kitchen, or went to get it after his first contact with the Mesa.
 
 
 13
 4. He first assaulted her with his fists, and then switched to the knife.
 
 
 14
 5. He continued stabbing her with a second knife after the first one broke.
 
 
 15
 6. His actions after the killing reflected a calm state of mind rather than one which would have caused a rash, impulsive killing.
 
 
 16
 Appellee's Brief at 20-28; see Perez, 9 Cal.Rptr.2d at 582.
 
 
 17
 We hold that the manner in which Perez secured the murder weapon, combined with his initial beating of Mesa and his use of a second knife after the first broke, constitute a sufficient basis from which a "rational trier of fact," Jackson, 443 U.S. at 319, could infer that the murder was premeditated.
 
 
 18
 First, Mesa was found in the bathroom, stabbed with a knife from the kitchen. This evidence supports the inference that Perez either acquired the knife from the kitchen when he first entered the house, or went to get it after making contact with Mesa. Either way, some degree of planning was involved: Perez had to form the intent to kill, look for an object with which to do it, travel some distance to find the object, and then take it with him to Mesa in order to accomplish his purpose. See Perez, 9 Cal.Rptr.2d at 583 ("Defendant's obtaining of the steak knife from the kitchen is indicative of planning activity"); People v. Wharton, 53 Cal.3d 522, 280 Cal.Rptr. 631 (planning activity found where defendant either procured murder weapon--a hammer--in advance, or became angry during argument and went to garage to get it), cert. denied, 112 S.Ct. 887 (1991).
 
 
 19
 Second, Mesa sustained facial and neck trauma before dying from the stab wounds. This supports the inference that Perez first subdued her with his hands, and then either switched to the knife he previously took from the kitchen, or else went to the kitchen then to get the knife. See People v. Cartier, 54 Cal.2d 300, 5 Cal.Rptr. 573 (1960) (premeditation found where defendant first subdued wife with blow from blunt object, then went to kitchen to procure knives with which he murdered her).
 
 
 20
 Finally, we agree with the California Supreme Court that Perez's action in procuring another knife once the first one broke, and continuing to stab Mesa with it, "bears similarity to reloading a gun ... when [it] has run out of ammunition." Perez, 9 Cal.Rptr.2d at 582.[1] Perez counters that the second knife might well have been one he wore on his belt and had immediate access to. While this may be so, the bloodstains in the kitchen drawer containing knives make it just as reasonable to conclude that he went back to the kitchen for the second knife. Perez has by no means shown, as he must under Jackson, that no rational trier of fact could have reached this conclusion beyond a reasonable doubt.
 
 
 21
 The evidence discussed above would allow a rational juror to infer the following indicia of premeditation: Perez first subdued Mesa with blows, then procured a knife from the kitchen and stabbed her with it, and when it broke, he secured a second knife and continued stabbing her. Although this evidence certainly approaches the constitutional minimum for first-degree murder under the California statute, it is sufficient.
 
 II. Failure to Instruct on Provocation
 
 22
 We next consider Perez's claim that the trial court erred in not giving, sua sponte, a jury instruction on the level of provocation necessary to reduce first degree murder to second degree murder.[2] In order to constitute a ground upon which habeas relief can be granted, the failure to give such an instruction must infect the entire trial, rendering it fundamentally unfair. Estelle v. McGuire, 112 S.Ct. 475, 482-84 (1991). A trial court is required to give a particular instruction only if the evidence reasonably warrants it. Hopper v. Evans, 456 U.S. 605, 613 (1982). "A 'mere scintilla' of evidence supporting the defendant's theory, however, is not sufficient to warrant a defense instruction." United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993). Both the district court and the California Supreme Court held that the trial court did not err in failing to instruct on provocation, because Perez presented no evidence of provocation at trial. ER at 10; Perez, 9 Cal.Rptr.2d at 584 ("[t]here was no evidence of any provocation, reasonable or unreasonable").
 
 
 23
 We agree. While the evidence of premeditation is scant but sufficient, there is no evidence whatsoever of provocation. Nor, for that matter, did Perez argue provocation at trial. An instruction on the level of provocation required to reduce first-degree murder to second-degree murder would thus have had no meaning for the jury. Indeed, even were such an instruction required, Perez would not have been prejudiced because its omission would have no "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). The jury was clearly instructed on the elements of manslaughter, second degree murder, and first degree murder. Had the jury found the evidence insufficient to support the first degree murder charge, it would have done so based on the lack of evidence rather than on nonexistent evidence of provocation. Perez's assertion that the court's failure to instruct on provocation effectively robbed him of the entire "defense" of second degree murder is therefore incorrect.
 
 
 24
 Perez's petition for a writ of habeas corpus is DENIED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Perez argues this is irrelevant since Mesa was dead when he stabbed her with the second knife. The district court rightly pointed out, however, that Perez's use of a second knife is "consistent with the conclusion that Petitioner had previously determined to kill Victoria, and was persistent and thorough in this endeavor." ER at 7 n. 6
 
 
 [2]
 "When the evidence shows the existence of provocation ... [insufficient] to reduce the homicide to manslaughter, and you find that the killing was murder, you may consider the evidence of provocation for such bearing as it may have on the question of whether the murder was of the first or second degree." CALJIC No. 8.73